**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                           **Criminal No. 1:17-cr-69-HSO-RHW**

**JEREMY DEVON KING**

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE DEFENDANT JEREMY DEVON KING'S MOTION [39] FOR
COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A) AND
3553(A) OF THE 2018 FIRST STEP ACT**

BEFORE THE COURT is Defendant Jeremy Devon King's Motion [39] for

Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and 3553(a) of the 2018

First Step Act. Defendant requests that the Court reduce his sentence and release

him to home confinement. Mot. [39] at 1. After due consideration of the record and

relevant legal authority, the Court finds that King's Motion [39] should be denied

without prejudice for failure to exhaust administrative remedies.

I. BACKGROUND

On July 11, 2017, the Grand Jury indicted Defendant Jeremy Devon King

("Defendant" or "King") on four counts for violations of 18 U.S.C. §§ 2, 922(g)(1),

924(a)(2), (c)(1)(A), and 21 U.S.C. §§ 841(a)(1), 846. Indict. [13] at 1-2. Count 1

charged him with "knowingly and intentionally conspir[ing], with others known and

unknown to the Grand Jury, to possess with intent to distribute 500 grams or more

1

of a detectable amount of methamphetamine." *Id.* at 1. Count 2 charged that, aided and abetted by others, King "did knowingly and intentionally possess with intent to distribute 50 grams or more of a detectable amount of methamphetamine." *Id.* Count 3 charged him with being a felon in possession of a firearm, and Count 4 charged that he possessed a firearm in furtherance of a federal drug trafficking offense. *Id.* at 2.

King pled guilty to Count 2 on September 13, 2017, pursuant to a written Plea Agreement [25] with the Government, Minute Entry, Sept. 13, 2017, and the remaining Counts of the Indictment [13] were dismissed by the Government, Minute Entry, Jan. 18, 2018. The Court sentenced King to 220 months' imprisonment, to be followed by four years of supervised release, a $3,000.00 fine, and a $100.00 special assessment. J. [34]. King's term of imprisonment was subsequently reduced to 177 months. Order [37] (filed as restricted). King did not appeal his conviction, and he has not sought post-conviction relief pursuant to 28 U.S.C. § 2255.

On April 3, 2023, King filed the present Motion [39], seeking a sentence reduction and release to home confinement. Mot. [39] at 1. As authority for such relief, King cites 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. *Id.* He asserts that he would face different penalties for his offense of conviction if prosecuted today, *id.*, and that his current sentence is a fundamental miscarriage of justice because the Court calculated his U.S. Sentencing Guidelines ("U.S.S.G." or

"Guidelines") range by applying the provisions for actual methamphetamine rather than methamphetamine mixture, *id.* at 2.

In its Response [40], the Government argues that King's Motion [39] should be denied on three grounds: (1) he has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A); (2) he has not demonstrated a proper basis for compassionate release; and (3) contrary to King's claims, "neither Congress nor the Sentencing Commission has revised the [G]uidelines, much less made them retroactive." Resp. [40] at 1. King has not filed any reply, and the time to do so has expired.

## II. DISCUSSION

A.   Relevant legal standards

Generally, federal courts cannot modify a term of imprisonment once imposed, *see* 18 U.S.C. § 3582(c), but, upon motion by the Director of Bureau of Prisons or by the defendant after exhausting administrative remedies, a sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i).[1]

To qualify for compassionate release, King must have first pursued administrative relief through the Bureau of Prisons ("BOP"), *see* 18 U.S.C.

---

[1] Relief under § 3582(c)(1)(A)(ii) requires, among other things, the defendant to be at least seventy years of age and to have served at least thirty years in prison. That is not at issue in this case. 18 U.S.C. § 3582(c)(1)(A)(ii).

§ 3582(c)(1)(A), and then "overcome three hurdles":

> First "extraordinary and compelling reasons" must justify the reduction of his sentence. Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (internal citations omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)). In considering a motion for compassionate release, a district court "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). A "district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Jackson*, 27 F.4th at 1089.

While the commentary to U.S.S.G. § 1B1.13 does not bind a court, it "may inform the district court's analysis" on the merits of a compassionate release request. *Id.* at 1090 (quotation omitted); *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). "The comments to the U.S.S.G. provide four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)-(D) (2018)).

B.    Whether King has exhausted his administrative remedies

However, in order to qualify for compassionate release, King must first exhaust his administrative remedies within the BOP. *United States v. Franco*, 973

F.3d 465, 467, 469 (5th Cir. 2020). To do so, he must first request that the BOP bring a motion on his behalf. *United States v. Garrett*, 15 F.4th 335, 338. After making this request, "he may wait for a response from the BOP and seek further administrative review of that response," or he "may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court." *Id*. The exhaustion requirement is mandatory. *Franco*, 973 F.3d at 467.

The Government argues that King's Motion [39] should be denied for failure to exhaust administrative remedies, Resp. [40] at 1, and King does not claim in his Motion [39] that he has made any request to BOP seeking compassionate release, *see generally* Mot. [39]. Accordingly, the Court finds that King has not exhausted administrative remedies, and his request for compassionate release must be denied. *Franco*, 973 F.3d at 469 ("Those who seek a motion for compassionate relief under the First Step Act must first file a request with the BOP.").

## III. <u>CONCLUSION</u>

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Jeremy Devon King's Motion [39] for Compassionate Release under 18 U.S.C. §

3582(c)(1)(A) and 3553(a) of the 2018 First Step Act is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED**, this the 27th day of April, 2023.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE